UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------
                                    )
IN RE                               )
                                    )    CHAPTER 7
STANISLAW MYSIORSKI,                )
                                    )
        DEBTOR                      )    CASE NO. 08-21105 (ASD)
---------------------------------------------------
                                    )
THERESA KEMP,                       )
                                    )
        PLAINTIFF                   )
                                    )
v.                                  )    ADV. PRO. NO. 08-02045
                                    )
STANISLAW MYSIORSKI,                )
                                    )    RE: Doc. I.D. No. 20
        DEBTOR-DEFENDANT            )
---------------------------------------------------

_____

APPEARANCES:

Gregory F. Arcaro, Esq.                    Attorney for Plaintiff
Brown, Paindiris & Scott, LLP
2252 Main Street
Glastonbury, CT 06033

Anthony S. Novak, Esq.                     Attorney for Debtor-Defendant
Lobo & Novak, LLP
280 Adams Street
Manchester, CT 06042-1975

_____

**MEMORANDUM OF DECISION AND ORDER ON
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

ALBERT S. DABROWSKI, Chief United States Bankruptcy Judge

## I. INTRODUCTION

In this adversary proceeding the Plaintiff, Theresa Kemp, seeks to have declared nondischargeable pursuant to Bankruptcy Code Section 523(a)(9) a debt owed to her by the Debtor-Defendant, Stanislaw "Stanley" Mysiorski (hereafter, the "Debtor") for injuries resulting from the Debtor's alleged unlawful operation of a motor vehicle while intoxicated from using alcohol. For the reasons which follow, the Plaintiff's Motion for Summary Judgment will be granted – a judgment shall enter determining the debt in issue to be non-dischargeable under 11 U.S.C. § 523(a)(9).

## II. JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over the instant adversary proceeding by virtue of 28 U.S.C. § 1334(b); and this Court derives its authority to hear and determine this proceeding on reference from the District Court pursuant to 28 U.S.C. §§ 157(a), (b)(1) and the District Court's General Order of Reference dated September 21, 1984. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(I).

## III. PROCEDURAL AND FACTUAL BACKGROUND

The following procedural and factual background is gleaned from the Court's judicial notice of the files and records of this case and proceeding, the Plaintiff's <u>Complaint for Declaratory Judgment</u> (Doc. I.D. No. 1), the <u>Answer of Defendant Stanley Mysiorski</u> (hereafter, the "Answer") (Doc. I.D. No. 11), as well as from assertions in Plaintiff's <u>Memorandum of Law in Support of Motion for Summary Judgment</u> and <u>Plaintiff's Local</u>

Rule 56(a)1 Statement and accompanying exhibits (collectively, Doc. I.D. No. 20), to the extent they are uncontroverted by virtue of the Debtor's failure to respond to the Plaintiff's Motion for Summary Judgment.

### A. *The Bankruptcy Petition and Adversary Proceeding*

The Debtor filed a voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code on June 12, 2008, and received his discharge on September 17, 2008. The Plaintiff commenced the instant adversary proceeding by filing a complaint on August 14, 2008, seeking a determination that a debt as ultimately determined and liquidated by the Superior Court Judgment is a non-dischargeable debt under 11 U.S.C § 523(a)(9) (hereafter, the "Complaint"). On September 23, 2008, the Debtor filed an Answer of Defendant Stanley Mysiorski, Doc. I.D. No. 11 (hereafter, the "Answer").

### B. *Facts Related to the Underlying Debt*

On May 29, 2005, the Plaintiff sustained injuries in a motor vehicle accident when her vehicle was struck by a vehicle driven by the Debtor. The Debtor was arrested on July 20, 2005, in connection with the accident and charged with, *inter alia*, "operation of a motor vehicle while under the influence of liquor or drug or while having an elevated blood alcohol content," a violation of Connecticut General Statutes Section 14-227a. The Debtor pleaded guilty to that offense and, on September 21, 2006, was sentenced to a term of imprisonment.

On or about July 19, 2005, the Plaintiff brought a civil suit against the Debtor in Connecticut Superior Court for compensation for her injuries from the accident. On February 14, 2008, the Plaintiff was awarded a judgment against the Debtor for

3

$952,434.22 (heretofore and hereafter, the "Superior Court Judgment").

### C. The Motion for Summary Judgment

On March 2, 2009, the Plaintiff filed a Motion for Summary Judgment and accompanied by a Local Rule 56(a)1 Statement, a Memorandum of Law in Support of Motion for Summary Judgment, and 74 pages of supporting exhibits, including, *inter alia*, Exhibit G – Records from State of Connecticut Judicial Branch related to *State v. Stanislaw Mysiorski*, CR05-0223649-S and MV05-0340489-S, and Exhibit H – Certified Transcript of Sentencing Hearing of September 21, 2006 before Judge Patrick J. Clifford, in *State v. Stanislaw Mysiorski*, CR05-0223649-S and MV05-0340489-S (collectively, Doc. I.D. No. 20), relevant portions of which would be admissible at trial before this Court. *See* Local Rule 56(a)3(2). The Debtor then filed a Motion to Strike Plaintiff Theresa Kemp's Local Rule 56(a)1 Statement and Exhibits (hereafter, the "Motion to Strike"), Doc. I.D. No. 21, on March 19, 2009. The Court denied the Motion to Strike on September 15, 2009, ordering the Debtor to "file pleadings responsive to the Plaintiff's Motion for Summary Judgment, Doc. I.D. No. 20, including, *inter alia*, a Local Rule 56(a)2 Statement on or before October 7, 2009." Order Denying Motion to Strike, p. 4, Doc. I.D. No. 26. No responsive pleadings or Local Rule 56(a)2 Statement have been filed as of the date of this Memorandum of Decision. The Plaintiff's Motion for Summary Judgment is now ripe for resolution.

### IV. DISCUSSION

### A. *Summary Judgment Standards*

Federal Rule of Civil Procedure 56(c), made applicable to these proceedings by

4

Federal Rule of Bankruptcy Procedure 7056, directs that summary judgment enter when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Novak v. Blonder (In re Blonder), 246 B.R. 147, 150 (Bankr. D.Conn.) (internal citations omitted).

When ruling on motions for summary judgment "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The moving party has the burden of showing that there are no material facts in dispute and all reasonable inferences are to be drawn, and all ambiguities resolved, in favor of the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). See also Novak v. Blonder (In re Blonder), 246 B.R. at 150. On a motion for summary judgment, even if the moving party's assertions are accepted as true, such as by failure of the non-movant to adequately respond, the moving party must still demonstrate a prima facie case that the party is entitled to judgment as a matter of law before the burden shifts to the non-movant to show genuine issues of material fact in dispute. See Vermont Teddy Bear Co. Inc. v. 1-800 Beargram Co., 373 F.3d 241, 246 (2d Cir. 2004).

Local Rule 56(a) of the Local Civil Rules of the United States District Court for the District of Connecticut (hereafter, "Local Rule(s)") supplements Fed. R. Civ. P. 56(c) by requiring statements of material fact from each party to a summary judgment motion.[1] The

---

[1] Local Rule 56(a), entitled "Motions for Summary Judgment", applicable to this proceeding by D. Conn. LBR 1001-1(b), states in pertinent part as follows:

  1. There shall be annexed to a motion for summary judgment a document

5

underlying purpose of Local Rule 56(a) is to assist the Court in determining whether there exist any genuinely disputed issues of material fact. A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. at 248.

> As to materiality, the substantive law will identify which facts are material. *Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment*. Factual disputes that are irrelevant or unnecessary will not be counted.

Id., 477 U.S. at 248 (Emphasis added). The Court, in deciding a summary judgment motion, "cannot try issues of fact, but can only determine whether there are issues of fact to be tried." R.G. Group, Inc. v. Horn & Hardart Co., 751 F.2d 69, 77 (2d Cir.1984) (quoting Empire Electronics Co. v. United States, 311 F.2d 175, 179 (2d Cir. 1962)).

---

entitled "Local Rule 56(a)1 Statement", which sets forth in separately numbered paragraphs a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried. All material facts set forth in said statement will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Local Rule 56(a)2.

  2. The papers opposing a motion for summary judgment shall include a document entitled "Local Rule 56(a)2 Statement," which states in separately numbered paragraphs corresponding to the paragraphs contained in the moving party's Local Rule 56(a)1 Statement whether each of the facts asserted by the moving party is admitted or denied. The Local Rule 56(a)2 Statement must also include in a separate section entitled "Disputed Issues of Material Fact" a list of each issue of material fact as to which it is contended there is a genuine issue to be tried.

  3. Each statement of a material fact by a movant in a Local Rule 56(a)1 Statement or by an opponent in a Local Rule 56(a)2 Statement, and each denial in an opponent's Local Rule 56(a)2 Statement, must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served with the Local Rule 56(a)1 and 2 Statements in conformity with Fed. R. Civ. P. 56(e). Counsel and pro se parties are hereby notified that failure to provide specific citations to evidence in the record as required by this Local Rule may result in sanctions, including, when the movant fails to comply, an order denying the motion for summary judgment, and, when the opponent fails to comply, an order granting the motion.

\* \* \* \*

### B.  *Nondischargeability Under Section 523(a)(9)*

As already noted, and notwithstanding having been ordered to do so, the Debtor has failed to file a reply to the Plaintiff's Motion for Summary Judgment, and likewise has not filed a Local Rule 56(a)2 Statement admitting or denying facts alleged as undisputed in the Plaintiff's Local Rule 56(a)1 Statement. As a result, all material facts in the Local Rule 56(a)1 Statement are deemed admitted pursuant to Local Rule 56(a)1. Nevertheless, in light of the Court's obligation to construe any ambiguities in a motion for summary judgment in favor of the non-moving party, the Court must examine those factual assertions denied by the Debtor's Answer to the Complaint.[2] On the other hand, the Court may also consider those factual assertions admitted by the Debtor in the Answer.

Bankruptcy Code Section 523(a)(9), provides in pertinent part that:

(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—

  (9) for death or personal injury caused by the debtor's operation of a motor vehicle . . . if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance;

* * *

11 U.S.C. § 523(a)(9) (2005).

The Plaintiff's Local Rule 56(a)1 Statement sets forth the following statements of material fact concerning which she contends there is no genuine issue to be tried, *inter alia*:

1. Stanislaw Mysiorski was operating a motor vehicle on May 29, 2005.

---

[2]Ordinarily, "to defeat a properly supported motion for summary judgment the non-moving party 'may not rest upon the mere allegations or denials of its pleadings'; its response 'must set forth specific facts showing that there is a genuine issue for trial.'" In re Soda, 261 B.R. 342, 346 (Bankr. D.Conn. 2001) (*quoting* Fed.R.Civ.P. 56(e)).

    2. Stanislaw Mysiorski's operation of such motor vehicle on May 29, 2005 was unlawful due to his intoxication from alcohol.

    3. On May 29, 2005, Stanislaw Mysiorski and Theresa Kemp were involved in a motor vehicle accident that resulted in serious injuries to Theresa Kemp.

    4. The injuries sustained by Theresa Kemp in the May 29, 2005 accident were caused by Stanislaw Mysiorski.

Unless controverted these four statements leave no material issue to be tried as the Plaintiff need only establish a "personal injury caused by the [D]ebtor's operation of a motor vehicle . . . where such operation was unlawful because the [D]ebtor was intoxicated from using alcohol". Section 523(a)(9). Not only are these statements not controverted – they have all been admitted by the Debtor. In the Answer, the Debtor admits that he owes a debt in the amount of $954,434.22 to the Plaintiff based upon a judgment entered against him in a Connecticut Superior Court civil action. Answer at ¶ 6. The Debtor further admits that that debt was "in regard to a motor vehicle accident which occurred on May 29, 2005," id, and that "the Plaintiff suffered injuries" in that accident. Id. at ¶ 4. Therefore, the Plaintiff has alleged, and the Debtor has admitted, that the debt in question arises from a personal injury caused by the Debtor's operation of a motor vehicle.

To prevail on her Motion for Summary Judgment the only remaining relevant and material fact that the Plaintiff must establish as not being in genuine issue is that the operation of the motor vehicle was "unlawful because the [D]ebtor was intoxicated from using alcohol . . ." Section 523(a)(9). While the Answer denies that the Plaintiff's injuries were the result of the Debtor's intoxication from alcohol, Answer at ¶ 4, the Plaintiff's Local Rule 56(a)1 Statement, at ¶ 4 – "Stanislaw Mysiorski's operation of such motor vehicle on May 29, 2005 was unlawful due to his intoxication from alcohol", is deemed admitted

8

by the Debtor's failure to file the requisite and responsive Local Rule 56(a)2 Statement. Moreover, this "uncontroverted" statement is supported by State of Connecticut Superior Court records, including Exhibit H (a certified transcript of the Debtor's sentencing hearing of September 21, 2006) which clearly establish that because of his actions pertaining to the accident, the Debtor was arrested, charged with, plead guilty to, and was ultimately convicted of a violation of, *inter alia*, Connecticut General Statutes Section 14-227a, entitled "Operation while under the influence of liquor or drug or while having an elevated blood alcohol content."[3] Moreover, and directly applicable to the issue of "intoxication," the Plaintiff has presented evidence of the Debtor's own admission at his sentencing hearing, as read by the Debtor's attorney, expressing, – "I regret all the times while drunk and all the mistakes I've made. To the victim of this accident . . . I do promise that I will never again drive under the influence . . . " Pl.'s Exh. H at 33 (Transcript at 31).[4] *See*, fn. 4, *supra*. As the Court stated on September 15, 2009, in its denial of the Debtor's Motion to Strike:

---

[3]The statute provides, in pertinent part:

(a) No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if such person operates a motor vehicle (1) while under the influence of intoxicating liquor or any drug or both, or (2) while such person has an elevated blood alcohol content. For the purposes of this section, "elevated blood alcohol content" means a ratio of alcohol in the blood of such person that is eight-hundredths of one per cent or more of alcohol, by weight, except that if such person is operating a commercial motor vehicle, "elevated blood alcohol content" means a ratio of alcohol in the blood of such person that is four-hundredths of one per cent or more of alcohol, by weight, and "motor vehicle" includes a snowmobile and all-terrain vehicle, as those terms are defined in section 14-379.

Conn. Gen. Stat. § 14-227a.

[4]The Debtor's counsel, in the Debtor's presence, also added: "And I can assure this Court that he has taken the steps necessary by participating in alcohol dependence classes to assure that he would not be here again. I'm sure he won't take another drink." Pl.'s Exh. H at 34 (Transcript at 32).

9

> *Portions of the Transcript[5] are of particular import and highly relevant to the pending matter, would be admissible at the trial of the Complaint* in the instant Adversary Proceeding, and arguably could, if undisputed, be largely dispositive of the Complaint.[6] Striking the simple two page, six paragraph Local Rule 56(a)1 Statement, the highly relevant and admissible Transcript, and other supporting documents is contrary to the purpose and defies the spirit of Local Rule 56(a) – to conserve valuable resources and to identify undisputed material facts.

<u>Order Denying Motion to Strike</u>, p. 3 (emphasis added; fn in original). Doc. I.D. No. 26.

Indeed, the only remaining "denial" by the Debtor is his assertion that "neither the complaint . . . nor the findings by the Superior Court and Judgment ever asserted or involved allegations of findings of intoxication by alcohol in regard to the accident . . . ". Answer at ¶ 6. This denial, however, is immaterial to the instant matter as it merely notices a dispute concerning a fact without effect on a determination of nondischargeability pursuant to section 523(a)(9). Although once necessary to a claim of nondischargeability under section 523(a)(9), there is no longer any statutory basis requiring the Plaintiff to also prove that the debt arose from a *judgment* based upon an allegation of intoxication[7].

---

[5] The Court, while fully cognizant that the Transcript is replete with "victim statements," is also fully capable of examining the Transcript in its entirety, as well as the other supplemental exhibits, *limited* to its relevant and admissible content, including specifically, the sentence imposed for and following the Debtor's plea of guilty to operating a motor vehicle while under the influence of alcohol, and the Debtor's adoptive admissions, all without regard to, *inter alia*, "victim statements", and other inadmissible comment therein.

[6] Bankruptcy Code Section 523(a)(9) excepts from discharge any debts "for death or personal injury *caused by the debtor's operation of a motor vehicle . . . if such operation was unlawful because the debtor was intoxicated from using alcohol . . .* " (Emphasis added). A Debtor's plea guilty and sentencing in a state court for "operating a motor vehicle while under the influence of alcohol", as evidenced by the Transcript, if undisputed, may satisfies a large measure of that statute.

[7] A previous version of § 523(a)(9) would have required such a showing:

> (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—
> (9) to any entity, *to the extent that such debt arises from a judgment or consent decree entered in a court of record against the debtor wherein liability was incurred by such debtor as a result of the debtor's operation of a motor vehicle while legally intoxicated*

## V.  SUMMARY AND CONCLUSION

This Court cannot envision a more lucid example than that presented in the instant matter of the type of debt intended by Congress to be nondischargeable in bankruptcy under section 523(a)(9), as well as the type of proof necessary to its applicability.

> Congress's purpose [in enacting Section 523(a)(9)] was clearly to protect the victims of drunk drivers, to ensure that they are not further victimized by allowing their damage awards to be discharged by the driver's bankruptcy . . . The sparse legislative history available reveals that the provision was designed to "ensure that victims of the drunk driver do not have their judgments[8] against the drunk driver discharged in bankruptcy." <u>Bankruptcy Amendments and Federal Judgeship Act of 1984</u>, Pub.L. No. 98-353, 1984 U.S.C.C.A.N. (98 Stat.) 587 (remarks of Senator Dole).

<u>In re Soda</u>, 261 B.R. at 348 (footnote added).

Singularly on the basis of the Local Rule 56(a)1 Statement's deemed admitted facts in paragraphs 1-4, coupled with the Debtor's admissions as noted herein, the Court determines that the Plaintiff has established there remain no genuine material issues of fact to be tried in the proceeding before the Court.[9]  Accordingly,

---

        under the laws or regulations of any jurisdiction within the United States or its territories wherein such motor vehicle was operated and within which such liability was incurred;

11 U.S.C. § 523(a)(9) (1990) (emphasis added).

[8] As previously noted, Section 523(a)(9) was amended in 2005 to, *inter alia*, remove the requisite of a judgment. *See*, fn 7, *supra*.

[9] While it was not necessary for the Plaintiff to provide, in support of her Local Rule 56(a)1 Statement of material facts, evidence in addition to the minimal requisite necessary to support each statement, she has nevertheless done so.  And while the Court is mindful of the fact that certain items of additional evidence on which the Plaintiff relies in support of her motion and Rule 56(a)1 statement could be inadmissible on hearsay or other grounds, and that "only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment," <u>Merry Charters, LLC v. Town of Stonington</u>, 342 F.Supp.2d 69, 75 (D.Conn.2004) (quoting <u>Raskin v. Wyatt Co.</u>, 125 F.3d 55, 66 (2d Cir.1997)), the Court notes that the additional supporting exhibits are all supportive of the Plaintiff's position, and many could easily be transformed into admissible evidence at trial. For example, the police report of the responding officer, Officer Ratajczak, indicated that he personally smelled alcohol at the scene of the

**IT IS HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment (Doc I.D. No. 20) is **GRANTED.**

The debt of the Debtor owing to the Plaintiff as set forth in the Complaint and arising from the injuries inflicted on the Plaintiff as a result of the Debtor's unlawful operation of a motor vehicle while under the influence of alcohol is nondischargeable in the Debtor's bankruptcy case pursuant to Bankruptcy Code Section 523(a)(9). A judgment of nondischargeability shall enter simultaneously herewith.

Dated: November 16, 2009              BY THE COURT

Albert S. Dabrowski
Chief United States Bankruptcy Judge

---

accident and personally observed the Debtor's intoxicated state after the Debtor was taken to a hospital. See Pl.'s Exh. A, New Britain Police Report at 5, Statement of Officer Ratajczak ("While attempting to speak with Mysiorski, I smelled a strong odor of alcoholic beverage coming from the inside of his vehicle . . . Mysiorski appeared to be intoxicated at the time I spoke with him at the Hospital.") In addition, the Plaintiff has provided evidence that another investigating officer, Officer John Flynn, obtained the medical records of the Debtor from the night of the accident through a search warrant, and reported that "[b]ased on the results of [the] search warrant it was revealed that Mysiorski's Blood Alcohol Level was .176%," Pl.'s Exh. G, New Britain Police Continuation Report, at 2, an amount that is over twice the limit defined as an "elevated blood alcohol content" under Connecticut law. Conn. Gen. Stat. §14-227a(a). Moreover, Officer Flynn's comments in his police report summarize the investigation of the Debtor's intoxication: "As [a] result of Mysiorski's level of intoxication and the fact that he disobeyed the red light, Theresa Keep (sic) . . . sustained serious physical injury to her face and head." Pl.'s Exh. G, New Britain Police Continuation Report, at 2.